**IN THE COURT OF APPEALS OF IOWA**

No. 19-1146
Filed September 11, 2019

**IN THE INTEREST OF K.K. and A.K.,**
**Minor Children,**

**C.K., Father,**
　　Appellant.
_____


　　Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.



　　A father appeals the termination of his parental rights to his children.

**AFFIRMED.**



　　Felicia M. Bertin Rocha of Bertin Rocha Law, PC, Urbandale, for appellant

father.

　　Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

　　Chuck Fuson of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor children.



　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

The juvenile court terminated a father's parental rights to his two children, born in 2007 and 2009. The court cited Iowa Code section 232.116(1)(f) (2019), which requires proof of several elements, including proof the children could not be returned to parental custody at the time of the termination hearing. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018). On appeal, the father does not challenge the sufficiency of the evidence supporting the ground for termination. Instead, he contends termination was not in the children's best interests and the juvenile court should have invoked certain exceptions to termination.

Our de novo review of the record reveals the following facts. The department of human services received a report that the parents were "actively using drugs in the presence of their children." The State applied to have the children temporarily removed from parental custody. The juvenile court granted the application. Subsequent testing confirmed the parents' use of illicit drugs. The children were adjudicated in need of assistance and remained out of the parents' home for the balance of the child-in-need-of-assistance and termination proceedings. Following a hearing, the juvenile court terminated both parents' rights to the children. Only the father appeals.

The Iowa Supreme Court has adopted a three-step analysis in termination-of-parental-rights cases. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). As noted, the father concedes the first step-establishing a ground for termination-was satisfied. Specifically, he admitted the children could not be returned to his custody at the time of the termination hearing.

We turn to the second step, whether termination is in the children's best interests. *Id.* In evaluating this step, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* (quoting Iowa Code § 232.116(2)).

At the termination hearing, the father acknowledged using methamphetamine "[m]onths" ago and marijuana "[a] month ago." He also acknowledged he could not be a safe parent to his children without completing substance-abuse treatment. Despite his appreciation of this reality, he had yet to engage in treatment. In his words, he "screwed it up." In light of the father's conceded inability to parent his children in a safe manner, we agree with the juvenile court that termination was in the children's best interests.

The final step requires consideration of statutory exceptions to termination. *Id.* The father contends the juvenile court should have invoked exceptions premised on the children's ages and the parent-child bond. *See* Iowa Code § 232.116(3)(b) ("The child is over ten years of age and objects to the termination."), (c) ("There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.").

Only the older child was over ten years old at the time of the termination hearing. Although he expressed a desire to reunite with his parents, the juvenile court appropriately concluded safety considerations overrode his preference. *See In re A.R.*, No. 18-2089, 2019 WL 3642825, at *3 (Iowa Ct. App. Mar. 20, 2019)

(borrowing child-custody framework for analyzing children's preferences, including "the advisability of honoring the children's desire").

As for the parent-child bond, there was no question both children shared a close relationship with their parents. A service provider testified the children were "always very eager for their visits" with them. Similarly, the department employee overseeing the case reported, "The children seem comfortable with their parents and look forward to seeing them. [They] have remained hopeful about going home throughout the case as they miss their parents." And the younger child's therapist reported that the child "love[d] her parents and misse[d] them." Based on this record, we agree with the juvenile court's assessment that the children "want what everyone wanted—for it to be possible to return to the custody of their parents." But, as the court concluded, "this is not possible." Because the father could not safely parent his children until he completed drug treatment, the juvenile court appropriately declined to invoke either of the permissive exceptions to termination. *See A.S.*, 906 N.W.2d at 475 (noting exceptions are permissive, not mandatory).

We affirm the termination of the father's parental rights to the children.

**AFFIRMED.**